UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILDA ANTONIA O., <br><br>　　　　　　Plaintiff, <br><br>　　　v. <br><br>ANDREW SAUL, <br>Commissioner of Social Security, <br><br>　　　　　　Defendant. | No. CV 20-4003 AGR <br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff[1] filed this action on April 30, 2020. The parties filed a Joint Stipulation that addressed the disputed issue. The court has taken the matter under submission without oral argument.[2]

Having reviewed the entire file, the court affirms the decision of the Commissioner.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 8, 9.)

# I.
# PROCEDURAL BACKGROUND

Plaintiff filed an application for supplemental security income benefits on August 4, 2016, and alleged an onset date of February 21, 2013. Administrative Record ("AR") 183. The application was denied initially and on reconsideration. AR 183, 476, 491. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On January 10, 2019, the ALJ conducted a hearing at which Plaintiff, her son, and a vocational expert testified. AR 434-64. On January 29, 2019, the ALJ issued a decision denying benefits. AR 177-92. On January 27, 2020, the Appeals Council denied review. AR 1-6. This action followed.

# II.
# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[3] the ALJ found that Plaintiff had the severe impairments of degenerative disc disease, osteoarthritis and other joint dysfunction, and obesity. AR 185.

The ALJ found that Plaintiff had the residual functional capacity to perform light work except that she can occasionally climb, stoop, kneel, crouch, crawl and reach overhead bilaterally. AR 187. The ALJ concluded that Plaintiff could perform her past relevant work as a sorter. AR 190. Alternatively, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform such as housekeeper, cleaner/polisher, and fruit grader. AR 191-92.

## C. Residual Functional Capacity

The residual functional capacity ("RFC") assessment measures the claimant's capacity to engage in basic work activities. *Bowen v. New York*, 476 U.S. 467, 471

---

[3] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

(1986). The RFC is a determination of "'the most [the claimant] can still do despite [the claimant's] limitations.'" *Treichler v. Comm'r*, 775 F.3d 1090, 1097 (9th Cir. 2014) (citation omitted). The RFC assessment must be supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Plaintiff contends that the ALJ improperly considered the opinions of the consulting board-certified orthopedist, Dr. Schwartz. AR 815-18.

"'To reject [the] uncontradicted of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence.'" "'If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence.'" *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (citations omitted). "When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict." *Thomas v. Barnhart*, 278 F.3d 947, 956-57 (9th Cir. 2002) (citation and quotation marks omitted).

Dr. Schwartz examined Plaintiff on December 17, 2016. His review of medical records indicated that she had back and neck problems, including C3, C4 and C5 narrowing, and that cervical nerve ablations helped somewhat. She had twisted her ankle two days earlier. AR 815. After examination, Dr. Schwartz diagnosed chronic sciatica, chronic cervical problems with multiple nerve ablations, acute right lateral ankle sprain and diabetes mellitus. AR 817. He opined that she could sit without limitation; stand/walk up to four hours per workday with use of crutches for the right ankle at that time; lift/carry/pull up to 10 pounds frequently due to back pain; never climb ladders and climb stairs with great difficulty; occasionally stoop, crouch, kneel, and crawl due to back and ankle problems; and should avoid heights, heavy machinery, extreme temperatures, chemicals, dust, fumes, gases or excessive noise. AR 817-18.

The ALJ gave little weight to Dr. Schwartz's opinions because he was admittedly unable to fully examine Plaintiff due to her recent ankle injury and his examination did not reflect the longitudinal picture of her impairments. AR 189, 817-18. Any error as to

postural or environmental limitations would be harmless because Plaintiff's past relevant work as a sorter does not require climbing, balancing, stooping, kneeling, crawling, crouching or exposure to environmental hazards. Sorter, DOT 529.687-186. She lifted less than 10 pounds while working as a sorter. AR 622.

The ALJ's findings are supported by substantial evidence. After Dr. Schwartz's examination in December 2016, Plaintiff had transforaminal epidural steroid injections in November 2017, February 2018, and May 2018. Plaintiff also had medial branch blocks at the L3-L5 levels in June and July 2018. She underwent medial branch rhizotomy in August and October 2018. While the procedures occurred close to the hearing, the ALJ noted that Plaintiff had reported partial improvement. AR 188, 803, 1076, 1083, 1085, 1089, 1091, 1093, 1098, 1105, 1117, 1135; see AR 170 (on January 28, 2019, claimant reported walking 3-4 times per week despite pains), 1192-93 (reporting no pain; negative for headache on 11/3/17). There is no indication Plaintiff continued to use crutches or an assistive device after the procedures.[4] AR 835 (50% reduction in ankle pain with standing and household ambulation including stairs as of 3/3/17), 1173 (normal ankle/foot examination on 5/24/18); compare AR 1201, 1204, 1210, 1256 (noting claimant walked with limp in August/September 2017; complained of knee pain); AR 1220, 1228, 1232, 1258-65 (noting normal knees; Achilles tendinitis and right foot pain; normal gait in June 2017); AR 1241, 1244 (noting claimant fell down stairs and hurt ankle in December 2016; still had pain in April 2017); AR 1268 (noting appreciable knee effusion on 4/28/17). Plaintiff testified she could stand up to six hours in an eight-hour workday. AR 444; see also AR 442 (she walks 30 minutes for exercise).

---

[4] Plaintiff submitted medical records to the Appeals Council that post-dated the ALJ's decision. The Appeals Council determined that those records "do[] not relate to the period at issue" and "do[] not affect the decision about whether you were disabled beginning on or before January 29, 2019." AR 2. The Appeals Council did not make the additional records part of the record. AR 6. The court notes that records dated April 10, 2019 indicate Plaintiff had a steady and unassisted gait. AR 103. She walks for some exercise. AR 157.

## IV.
## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: June 25, 2021

_____
ALICIA G. ROSENBERG
United States Magistrate Judge